IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
UNITED STATES OF AMERICA      )
                              )
     v.                       )      CRIMINAL ACTION NO.
                              )         2:94cr62-T
TERRY MITCHELL                )           (WO)
```

ORDER

On May 20, 2003, the United States Magistrate Judge entered a recommendation that the 28 U.S.C.A. § 2255 habeas petition filed by petitioner Terry Mitchell on February 22, 2000, be denied because has claims entitled him to no relief.  There being no objections, an order adopting the recommendation was entered on June 9, 2003, and final judgment was entered the same day.  Mitchell did not appeal from this judgment.

On June 21, 2005, Mitchell filed a pleading styled as a "Motion to Reconsider Order Denying § 2255, Pursuant to Federal Rule of Civil Procedure 59 and/or Notice of Appeal."[1]

_____

1.  Although  Mitchell's  motion  is  date-stamped "received" on June 27, 2005, under the "mailbox rule" the court deems it filed on the date he delivered it to prison

(continued...)

In this motion, Mitchell states that it was not until June
20, 2005, that he first learned of this court's judgment
denying his § 2255 petition.  He asserts that he does not
"know how this omission or oversight may have occurred," but
that his failure to receive notice of the court's judgment
(and, consequently, his failure to file an appeal) was
"through no fault of his own."  Accordingly, he requests
that this court reconsider its judgment denying his § 2255
petition and/or construe his motion as a timely filed notice
of appeal.

**Relief Fed.R.Civ.P. 59**: Because Mitchell did not file
his motion within 10 days after entry of this court's June
9, 2003, judgment denying his § 2255 petition, Rule 59 of
the Federal Rules of Civil Procedure, which is cited by
Mitchell in the heading of his motion, provides him no
ground  for  relief  from  the  court's  judgment.    See

----

1.   (...continued)
authorities for mailing, presumptively, June 21, 2005, the
day that he signed it.  See Houston v. Lack, 487 U.S. 266,
271-72 (1988); Washington v. United States, 243 F.3d 1299,
1301 (11th Cir. 2001).

Fed.R.Civ.P. Rule 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."); see also, e.g., Jackson v. Crosby, 375 F.3d 1291, 1292 (11th Cir. 2004).

Motion to Reopen the Time to File an Appeal: Mitchell also asks this court to treat his motion as a timely notice of appeal because, according to him, he only recently became aware of the judgment denying his § 2255 petition.  In his motion, and in an attached affidavit, Mitchell states that on June 9, 2005, he wrote the court inquiring about the disposition of his § 2255 petition, and, on June 20, 2005, he "discovered through the master docket sheet, for the first time," that a final judgment had been entered in June of 2003.

Generally, notice of appeal must be filed within 30 days after entry of the judgment being appealed.  Fed.R.App.P. 4(a)(1)(A).  When a pro se litigant submits a late notice of appeal and alleges that he did not receive notice of the entry of the judgment from which he seeks to appeal, that

3

notice should be treated as a motion to reopen the time to file an appeal in accordance with Rule 4(a)(6) of Federal Rules of Appellate Procedure.[2]  <u>Sanders v. United States</u>, 113 F.3d 184, 187 (11th Cir. 1997).

Fed.R.App.P. 4(a)(6) allows the district court to reopen the time for filing an appeal upon a motion "filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, <u>whichever is earlier</u>."[3]  (Emphasis added); <u>see also</u> <u>Vencor</u>

_____

2.  "Although the district court clerk's office is obligated to serve parties with notice of judgments and orders, '[l]ack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules of Appellate Procedure.'  Fed.R.Civ.P. 77(d)." <u>Vencor Hospitals, Inc. v. Standard Life and Acc. Ins. Co.</u>, 279 F.3d 1306, 1309 (11th Cir. 2002).

3.  Rule 4(a)(6) provides as follows:

> "The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A)  the motion is filed within 180
>
> (continued...)

Hospitals, Inc. v. Standard Life and Acc. Ins. Co., 279 F.3d

1306, 1309-11 (11th Cir. 2002).  Mitchell maintains that his

attempt to reopen the time for appeal is timely because he

filed his motion within seven days after he first learned of

this court's judgment denying his § 2255 petition.  However,

his argument in this regard is misplaced because Rule

4(a)(6) establishes an outer time limit of 180 days after

entry of judgment to file a motion to reopen the time for

appeal.   Vencor Hospitals, 279 F.3d at 1310;  see also

---

3.    (...continued)
      days after the judgment or order is
      entered or within 7 days after the moving
      party receives notice of the entry,
      whichever is earlier;

          (B) the court finds that the moving
      party was entitled to notice of the entry
      of the judgment or order sought to be
      appealed but did not receive the notice
      from the district court or any party
      within 21 days after entry; and

          (C) the court finds that no party
      would be prejudiced."

For purposes of this order, it is necessary to discusses
only the time limit provided in subpart (A) of Rule 4(a)(6).

advisory committee's notes to 1991 amendment, Fed.R.App.P.

4.  The seven-day period specified in Rule 4(a)(6) applies

only where the moving party has received notice of the entry

of judgment before expiration of the 180-day period in Rule

4(a)(6) and does not extend the time limit for filing a

motion to reopen beyond that 180 day-period.  <u>Vencor

Hospitals</u>, 279 F.3d at 1310.

Because Mitchell's motion to reopen the time for appeal

was filed well after expiration of the 180-day period after

entry of the judgment denying his § 2255 petition, his

motion to reopen is untimely under Rule 4(a)(6).  "Under the

plain meaning of Rule 4(a)(6), district courts are

authorized to reopen the time for filing an appeal based on

lack of notice solely within 180 days of the judgment or

order."  <u>Vencor Hospitals</u>, 279 F.3d at 1310.

Had the court authority to reopen the time for Mitchell

to appeal from its judgment, the circumstances of this case

would not weigh in favor of an exercise of that authority.

Mitchell provides an address on his current pleadings that

differs from the address he provided to the court when he filed his § 2255 petition.  However, the court's files do not reflect that Mitchell ever advised the court of a change of address, and the docket sheet reflects that a copy of the court's judgment was mailed to Mitchell on June 9, 2003, with no indication that the mail was returned.  Moreover, Mitchell offers no explanation for why he waited until June 9, 2005--well over five years after he filed his § 2255 petition, and just less than five years after filing any related pleadings--to inquire into the status of his § 2255 petition.  "[P]arties have a duty to inquire periodically into the status of their litigation."  Latham v. Wells Fargo Bank, N.A., 987 F.2d 1199, 1201 (5th Cir. 1993).

In light of the foregoing, it is ORDERED that the petitioner Terry Mitchell's motion to reconsider, etc. (Doc. no. 1851) is denied.

DONE, this the 1st day of July, 2005.

        /s/ Myron H. Thompson
        UNITED STATES DISTRICT JUDGE